UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RAYMOND JACKSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-2803** |
| **PARISH OF TANGIPAHOA, JUDGE BRENDA RICKS, JUDGE JEROME WINSBERG, JAMES DUKES, PUBLIC DEFENDER SHAWN MCKEE, ASSISTANT DISTRICT ATTORNEY PATRICIA PARKER, ASSISTANT DISTRICT ATTORNEY BRITTANY HOTARD** | **SECTION "E" (4)** |

**REPORT AND RECOMMENDATION**

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

**I.     Factual Background**

The plaintiff, Raymond Jackson,[1] filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against the defendants, the Parish of Tangipahoa, Judge Brenda Ricks, Judge

---

[1] A second plaintiff, Rose Jackson, was named on the complaint but did not sign the complaint. She was denied pauper status for failure to submit a pauper application or pay the filing fee. Rec. Doc. Nos. 1, 6. The complaint contains no allegations or request for relief related to her. The complaint therefore fails to state a claim cognizable under § 1983 for which relief can be granted to this putative plaintiff. The Court has no basis to consider Rose Jackson as proper party in this action under Fed. R. Civ. P. 17 and 11. The complaint therefore is addressed as to Raymond Jackson only.

Jerome Winsberg, Assistant District Attorney Patricia Parker, Assistant District Attorney Brittany Hotard, Assistant Public Defender Shawn McKee, and attorney James Dukes, alleging that the defendants violated his Fourth, Fifth, Sixth, Eighth, Thirteenth and Fourteenth Amendment rights during his state criminal proceedings.  He alleges that Parker amended the charge in the indictment in violation of federal and state constitutional guarantee's to a Grand Jury indictment.

Under a broad reading, Jackson further contends that he has been enslaved as a result of the defendants' prosecution on the amended charges without legal jurisdiction.  Jackson request that each defendant be sued in their official and individual capacities and that he be awarded $2 million in damages and released from prison.

## II.     Standard of Review for Frivolousness

Titles 28 U.S.C. §§ 1915A and 42 U.S.C. §§ 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint.  *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993).  However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.  *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999).  It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional

allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

## III.  Analysis

Jackson alleges that the defendants, specifically Parker, violated his constitutional rights by amending the charge against him and prosecuting the charge without legal authority to do so under state law and the Constitution. Jackson did not provide the Court with the details of the crime of which he was convicted or indicate the term of the sentence he is serving. However, Jackson's Tangipahoa Parish criminal proceeding and conviction are matters of public record of which this Court can take judicial notice. *See* Fed. R. Ev. 201;[2] *see Taylor v. Gibson*, 529 F.2d 709, 717 (5th Cir. 1976) (a complaint may dismissed as frivolous when the allegations of the complaint conflict with facts of which the district court may take judicial notice); *Gray ex rel. Rudd v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 407 n.7 (5th Cir. 2004) (". . . the fact that a judicial action was taken is indisputable and is therefore amenable to judicial notice."); *In re Moity*, 320 F. App'x 244, 249 (5th Cir. 2009) ("One court may also take judicial notice of another court's judicial actions."); *see also Chauhan v. Formosa Plastics Corp., USA*, 212 F.3d 595, 2000 WL 423367, at

---

[2]Fed. R. Ev. 201 provides in relevant part as follows:
(a) Scope. This rule governs judicial notice of an adjudicative fact only, not a legislative fact.
(b) Kinds of Facts That May Be Judicially Noticed. The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.
(c) Taking Notice. The court: (1) may take judicial notice on its own; or (2) must take judicial notice if a party requests it and the court is supplied with the necessary information.
(d) Timing. The court may take judicial notice at any stage of the proceeding. [. . .]

\* 1 (5th Cir. Apr. 4, 2000) (Table, Text in Westlaw) ("A court may take judicial notice at any time, including *sua sponte*."); *Morris v. Fulbruge*, No. 07-5429, 2008 WL 4059069, at \*2 n.17 (E.D. La. May 27, 2008) (Order adopting Report and Recommendation).

The Court's research indicates that Jackson was charged by a Grand Jury in Tangipahoa Parish with the aggravated rape of his minor stepdaughter.[3] The indictment was later amended by the State to provide that the rapes occurred between "1998 through March 5, 2007."[4] He was convicted as charged after trial by jury and sentenced to serve life in prison without benefit of parole, probation, or suspension of sentence.[5]

The very basis of Jackson's complaint is a challenge to the constitutionality of his underlying criminal conviction and his current incarceration. His claim therefore calls into question the validity of his criminal conviction for which he is currently confined. Before a plaintiff can proceed under § 1983 on such a claim, he must show that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Jackson*, 49 F.3d at 177.

In *Heck*, the Supreme Court held that a claim under § 1983 is barred if success in the suit would necessarily imply the invalidity of an outstanding criminal conviction or a plaintiff's present confinement. This limitation on a § 1983 plaintiff avoids collateral attacks on convictions that are still outstanding. *Id.*, 512 U.S. at 484-85.

---

[3]*State v. Jackson*, 58 So.3d 1155, 2011 WL 1259833, at \*1 (La. App. 1st Cir. Mar. 25, 2011) (Table, Text in Westlaw).

[4]*Id.*, 2011 WL 1259833, at \*2.

[5]*Id.*, at \*1.

4

Jackson questioned the legality of the amended charge in his state direct appeal to no avail.[6] His conviction and sentence were affirmed and have not been called into question by a state or federal court as described in *Heck*.[7] The *Heck* bar would normally call for the dismissal of Jackson's claims until the *Heck* conditions are met. However, it is well settled in the Fifth Circuit that before application of the *Heck* doctrine, the Court must address dismissal of improper and immune defendants. *See Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994) (immunity must be considered as a threshold matter prior to applying *Heck*). In this case, Jackson has named improper defendants and/or defendants who are otherwise immune from suit against whom § 1983 liability will not stand. Thus, the claims against the following defendants must be dismissed as a threshold matter without application of the *Heck* doctrine to Jackson's complaint.

### A. Judges Ricks and Winsberg

Jackson has named as defendants Judge Brenda Ricks and retired ad hoc Judge Jerome Winsberg. Under a broad reading, Jackson has named the Judges for their roles as presiding judicial officers over his criminal proceedings in Tangipahoa Parish. He does not otherwise assert any factual basis for naming the Judges. Nevertheless, the Judges are absolutely immune from this suit.

Absolute judicial immunity is a time honored principle established to ensure the proper administration of justice by allowing a judicial officer to exercise his authority free from any apprehension as to any personal consequences he or she may face. *See Mireles v. Waco*, 502 U.S. 9, 10 (1991). In a suit seeking damages against a judge, the doctrine of absolute immunity should be considered as a threshold matter. *Boyd*, 31 F.3d at 284.

---

[6]*State v. Jackson*, 2011 WL 1259833, at *1.

[7]*Id.*

5

Judges enjoy absolute judicial immunity for acts performed in judicial proceedings. *See Mays v. Sudderth*, 97 F.3d 107, 110-11 (5th Cir. 1996). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Id.* at 111 (*quoting Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (further quotation omitted)).

In addition, the Federal Courts Improvement Act of 1996 ("FCIA") amended § 1983 to provide that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable." 42 U.S.C. § 1983. Thus, injunctive relief also is not available against a judge in his or her role as a judicial officer individually or in his official capacity. *Guerin v. Higgins*, 8 F. App'x 31, 32 (2nd Cir. Apr. 11, 2001) (unpublished); *Nollet v. Justices of the Trial Ct. of the Commonwealth of Mass.*, 83 F. Supp. 2d 204, 210 (D. Mass. 2000); *accord Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) (noting that the 1996 amendment to Section 1983 would limit the relief available from a judge to declaratory relief).

To the extent Jackson intended to name Judges Ricks and Winsberg in their official capacity, the judges would not be a "person" for purposes of suit under § 1983. *Accord Will v. Mich. Dep't of State Pol.*, 491 U.S. 58 (1989). Instead, suit against a state court judge in his or her official capacity would be considered suit against the State of Louisiana. *See Id.*, 491 U.S. at 71. This is so because any judgment for monetary damages against the judges in their official capacity would be satisfied out of the state treasury. La. Rev. Stat. Ann. § 13:5108.1(E)(1)(c). In that regard, the Eleventh Amendment forbids federal courts from entertaining a suit for monetary damages brought by a citizen against his own State. *Pennhurst State Sch. v. Halderman*, 465 U.S. 89, 98 (1984);

*Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 185-86 (5th Cir. 1986). A state may expressly waive this Eleventh Amendment sovereign immunity. *See Edelman v. Jordan*, 415 U.S. 651, 673 (1974) (holding that a state's consent to suit against it in federal court must be expressed unequivocally); *Welch v. Dep't of Highways*, 780 F.2d 1268, 1271-73 (5th Cir. 1986). However, the State of Louisiana has not done so in this case. To the contrary, La. Rev. Stat. Ann. § 13:5106(a) provides that "no suit against the state . . . shall be instituted in any court other than a Louisiana state court."

Consequently, the doctrine of absolute judicial immunity and the Eleventh Amendment bar Jackson's suit for monetary damages and injunctive relief against Judges Ricks and Winsberg. The claims against these defendants must be dismissed as frivolous, for failure to state a claim for which relief can be granted, and for seeking relief against an immune defendant pursuant to § 1915(e)(2) and § 1915A(b).

### B.      Assistant District Attorneys Parker and Hotard and Tangipahoa Parish

Jackson has also named Assistant District Attorneys Patricia Parker and Brittany Hotard as defendants. Jackson does not assert any allegations against Hotard. He alleges, however, that Parker was the assistant district attorney who amended his Grand Jury indictment in open court to change or amend the charge against him. Both Parker and Hotard are immune from suit arising from their prosecutorial roles. To the extent he named these defendants in their official capacity, Jackson has not alleged a claim against them or Tangipahoa Parish.

The Supreme Court has recognized that there are some officials whose duties require a full exemption from liability. Such officials include prosecutors in the performance of their official functions. *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Yaselli v. Goff*, 275 U.S. 503 (1927).

In order to determine whether an official is absolutely immune from suit, the proper focus is not the identity of the party claiming the immunity, but rather, his or her "role in the context of the case." *Mays*, 97 F.3d at 110. In other words, immunity attaches to particular official's functions, not to the particular office he or she holds. *Forrester*, 484 U.S. at 229; *see also O'Neal v. Miss. Bd. of Nursery*, 113 F.3d 62 (5th Cir. 1997).

In the context of absolute prosecutorial immunity, immunity from suit extends to those acts "intimately associated with the judicial phase of the criminal process" which includes the presentation of the State's case, evaluating evidence, and interviewing witnesses in preparation for trial. *Burns v. Reed*, 500 U.S. 478, 492 (1991). Also, among the traditional functions of a prosecutor is the duty to decide which charges to bring and whether to pursue a conviction in court. *See Kalina v. Fletcher*, 522 U.S. 118, 125 (1997).

Jackson's claims against Parker and Hotard are intimately associated with their roles in the bringing of charges and the criminal court process. His challenge is to the prosecution of the charge itself and Parker's presentation of the case before the state court. Parker and Hotard are clearly entitled to absolute immunity from suit for their role in bringing and prosecuting the charges against Jackson. The claims against these defendants in their individual capacity must be dismissed as frivolous, for failure to state a claim for which relief can be granted, and for seeking relief against an immune defendant pursuant to § 1915(e)(2) and § 1915A(b).

To the extent Jackson names Parker and Hotard in their official capacity, his claims are also frivolous. Suit against a prosecutor named in his or her official capacity is suit against the entity he or she represents; in this case, that is the Parish of Tangipahoa, also a named defendant. *Burge v.*

*Parish of St. Tammany*, 187 F.3d 452, 466-67 (5th Cir. 1999);[8] *see also Kentucky v. Graham*, 473 U.S. 473 U.S. 159, 165 (1985). An assistant district attorney, as a representative of the Parish, could be liable under § 1983 only if her actions were in execution of an unconstitutional Parish policy or custom which inflicted injury or damage upon the plaintiff. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Jackson would have to allege not merely that such an unconstitutional policy or custom exists, but that it was the proximate cause of his injury or damage. *See Collins v. City of Harker Heights*, 503 U.S. 115, 122-24 (1992); *Berry v. McLemore*, 670 F.2d 30, 33-34 (5th Cir. 1982), *overruled on other grounds*, *Int'l Woodworkers of Am. v. Champion Int'l Corp.*, 790 F.2d 1174 (5th Cir. 1986).

Jackson, however, has not asserted that the alleged errors in the prosecution of his case were the result of an unconstitutional policy or custom of Tangipahoa Parish as contemplated in *Monell*. He instead alleges that Parker acted without legal authority in amending the charge against him. Such a claim fails to impute liability to Tangipahoa Parish. The claims against Tangipahoa Parish and Parker and Hotard in their official capacities are frivolous and otherwise fail to state a claim for which relief can be granted pursuant to § 1915(e) and § 1915A.

### C. Attorney James Dukes and Public Defender Shawn McKee

Jackson has also included as defendants Indigent Defender Shawn McKee and attorney James Dukes. He again has failed to indicate any basis for their alleged liability under § 1983 except to generally identify them as having played a role in his criminal defense.

---

[8]In *Burge*, the Fifth Circuit made clear that in Louisiana, a district attorney is not entitled to Eleventh Amendment Immunity afforded to the State. Instead, the district attorney is a functionary of the local parish government, whose liability is to be addressed under *Monell*, discussed *infra*. *Id.*

9

Section 1983 imposes liability on any person who violates one's constitutional rights under color of law. 42 U.S.C. § 1983 (2006); *see Will*, 491 U.S. at 58. Under § 1983, the plaintiff must prove that a constitutional violation occurred, and that the defendant's actions were taken under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978). It is well established, however, that neither a privately retained attorney nor a court appointed attorney is a state actor for purposes of § 1983. *Pete v. Metcalfe*, 8 F.3d 214, 216-17 (5th Cir. 1993) (citing *Dennis v. Sparks*, 449 U.S. 24 (1980)). Consequently, there can be no liability under § 1983 without some proof of an overt joint action the State or one of its agents and a privately retained or appointed attorney, to violate a petitioner's constitutional rights. *Dennis*, 449 U.S. at 27-28; *Pete*, 8 F.3d at 216-17; *Hobbs v. Hawkins*, 968 F.2d 471, 480 (5th Cir. 1992).

In this case, Jackson has not alleged such an overt joint action. *Rodriguez v. Neeley*, 169 F.3d 220, 222 (5th Cir. 1999); *Young v. Biggers*, 938 F.2d 565, 569 (5th Cir. 1991); *Dayse v. Schuldt*, 894 F.2d 170, 173 (5th Cir. 1990). Instead, Jackson's claims focus on the propriety of the action of the assistant district attorney. As noted above, Jackson has failed to allege any action or inaction by his state criminal counsel, specifically Dukes and McKee. For these reasons, the claims against Dukes and McKee should be dismissed as frivolous and for failure to state a claim for which relief can be granted pursuant to 28 U.S.C. § 1915(e) and § 1915A.

**IV.    Request for Release**

As relief, Jackson has requested in part that he be released from prison. Such a request is within the ambit of a federal court's habeas corpus review. *Muhammad v. Close*, 540 U.S. 749, 750 (2004). This § 1983 civil rights proceeding is not the appropriate means of pursuing that type of habeas corpus relief. *Id.*; *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Hernandez v. Livingston*,

495 F. App'x 414, 417 (5th Cir. 2012).  Jackson should pursue any such habeas corpus relief in a properly filed state or federal proceeding if appropriate.

**V.     Recommendation**

It is therefore **RECOMMENDED** that Jackson's § 1983 claims against the defendants, the Parish of Tangipahoa and Judge Brenda Ricks, Judge Jerome Winsberg, Assistant District Attorney Patricia Parker, Assistant District Attorney Brittany Hotard, Assistant Public Defender Shawn McKee, and attorney James Dukes, each in their individual and official capacities, be **DISMISSED WITH PREJUDICE** as frivolous, for failure to state a claim for which relief can be granted, and/or for seeking relief against an immune defendant pursuant to § 1915(e) and § 1915A.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[9]

New Orleans, Louisiana, this 1st day of July, 2013.

**KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE**

---

[9]*Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.